Daniíjl, Judge,
after stating the case, proceeded as follows. There is no allegation that the plaintiffs, by any misconduct or management, caused the lands to sell for less than their real value. We must take it, therefore, that the lands brought what they were worth at a ready money sale.
The plaintiff*, in this Court, are subrogated to all the rights of the creditors, whose debts they have been compelled to pay. They have certainly a right to satisfaction, in some way, out of the slaves transferred without consideration by the debtor to Dudley Tatum, by force of the statute of 13th Elizabeth, and our act of Assembly, (1 Rev. Stat. c. 50, s. ],) as all the rest of the personal and real assets, liable to debts, had been exhausted. It has been doubled, however, whether the plaintiffs were not estopped to consider the two slaves as assets of the intestate, inasmuch as the plea otpleneadministravit was at law found against them, and non constat but that the two slaves were taken into consideration as assets by the jury, and were covered by that finding. But it is apparent, upon the answers, that the two slaves were not brought to the consideration of the jury as assets of the intestate, when they found the issue for the defendants.. And the defendants have not set up the verdict and judgment at law as a defence, either by plea or in the answers, against an investigation in this Court, whether these negroes are not in truth assets, and, as such, liable to the satisfaction of the plaintiff’s judgment. The plaintiffs are, we think, entitled *116 to a decree, that the two slaves mentioned be sold for the sat-of their debt.
The circumstance of their having first pursued the land, is no bar to their now proceeding against these slaves, as the land proved insufficient to satisfy the debt.
We are at a loss to see that the statutes of 1715, (1 Rev. Stat. ch. 65, s. 3,) and of 1820 (1 Rev. Stat. ch. 65, s. 18,) relied upon in the answers, have any application.
Per Curiam. Decree accordingly.